**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Kenneth JOHNSON, Defendant-Appellant.**

**No. 71-2154.**

United States Court of Appeals,
Fifth Circuit.

March 21, 1972.

Phillip D. Hardberger, San Antonio, Tex., for defendant-appellant.

William S. Sessions, U. S. Atty., Reese L. Harrison, Jr., Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Kenneth Barlow Johnson was indicted with his brother, William A. Johnson, Jr., under the conspiracy clause of former Section 176a, Title 21, U.S.C.,[1] (with Lawrence Lynn Langner named as co-conspirator but not indicted as a defendant) for conspiring to knowingly and with intent to defraud the United States import marijuana contrary to law, between October 28, 1970 and January 6, 1971. Kenneth Johnson was convicted and received a confinement sentence under the indeterminate sentence provision of the Youth Corrections Act, Title 18, U.S.C., Section 5010(b). He brings this appeal claiming that errors occurred below in two respects, invalidating his conviction: (a) the trial court's overruling of his Motion to Suppress Evidence based

1. This section was repealed by Public Law 91–513, Title III, § 1101(a) (2), October 27, 1970, 84 Stat. 1291. The repealing statute by its terms became effective six months after passage, and the repealing act carried a savings provision as to violations occurring prior to the effective date. As may be noted, the violation here charged occurred within both periods.

upon illegal search and seizure and illegal arrest, and (b) the trial court's denial of his Motion for Severance. We do not find error demonstrated in either particular and affirm.

On January 6, 1971, about 6:30 A.M., Langner, traveling alone, was arrested by U. S. Customs Agents in the inspection area at the International Bridge, Laredo, Texas, when 31 pounds of marijuana was found concealed in the Volkswagen Camper driven by him. He implicated the Johnson brothers of San Antonio, Texas, in a scheme to purchase marijuana in Mexico and import it into the United States. Langner agreed to cooperate with the federal agents. Two agents traveled with him in the Camper to San Antonio, where Langner made telephone arrangements to meet appellant and his brother at a hospital parking lot. Langner proceeded to the rendezvous alone, with federal customs and narcotics agents following in other cars. The agents saw Langner meet the two Johnsons and proceed with them to appellant's home. There the agents arrested appellant at the driveway entrance from the street, but found no contraband on his person or in his home. The government's conspiracy case rested primarily upon Langner's testimony that appellant had furnished $450.00 for expenses of the Mexican trip and for the purchase of marijuana, and also that Johnson had procured the Camper (belonging to a friend's mother) for use in the importation. Appellant contended below by Motion to Suppress and here that seizure of the marijuana and his warrantless arrest were without probable cause. We think, to the contrary, that ample grounds for Kenneth Johnson's arrest without a warrant existed at the time he was apprehended. From Langner's possession of the marijuana and his statement to the officers, from the monitoring of Langner's telephone call, and from the appearance of the two Johnsons at the parking lot, there were ample reasonable grounds to believe that appellant had been and at the time was violating federal laws dealing with the importation and smuggling of marijuana. Such an arrest by U. S. Customs Agents was authorized by Title 26, U.S. C., Sec. 7607(2). See further, United States v. Simon, 7 Cir. 1969, 409 F.2d 474, 476; Rocha v. United States, 9 Cir. 1968, 387 F.2d 1019; United States v. Santiago, 2 Cir. 1964, 327 F.2d 573; United States v. Smith, 2 Cir. 1962, 308 F.2d 657.

We are not sure we understand the appellant's position as to the search question, but we are confident that no ground for reversal is shown. No objection is made—nor could one be made—to the search of Langner and the Camper by U. S. Customs Agents at the inspection area of the International Bridge, and the seizure of 31 pounds of marijuana at that spot. Further and in any case, appellant lacks standing to object to that search. As indicated above, no evidence was seized at the time of Kenneth Johnson's arrest in San Antonio later in the day. The Motion to Suppress was properly denied for clearly apparent reasons.

The point raised as to severance is without merit. The appellant attempts to show that references by witnesses to him and his brother were confused and confusing. Careful reading of the record refutes this completely. Further, he asserts prejudice to him before the jury because his brother William Johnson, Jr. had a prior narcotics record and this was brought out during the testimony of Langner. We quote the explanation of this incident verbatim from the government's brief on appeal, pages 20 and 21:

"This statement by Langner came out in response to a question asked by the attorney for the co-defendant William A. Johnson, Jr. and occurred in the following colloquy:

"Question by Roy Barrera, Attorney for William A Johnson, Jr.: All right, now, what I am asking you to do is give us the conversations that took place between you and whoever may have conversed with you at the

time regarding your selection of an attorney to represent you. That is what I would like to have.

"Answer: My selection of an attorney to represent me. I said I met Mr. Thompson and Mr. Rice. I said: 'Oh, you are the officers involved in John's case from last year.' They said: 'Yes, that is right,' and I said: 'Well, I have heard a lot about you.' They said: 'Well, I imagine so. We know a lot about you, too, as a friend of John's.' I think I asked them for a cigarette. They gave it to me. If I remember correctly it was Mr. Thompson that gave me a cigarette. Id. at 664–665.

"This is the only reference in the record to a prior case involving co-defendant William A. Johnson, Jr. It was not brought out on direct examination; on the contrary it came out through cross-examination. No objection was interposed at that time by either counsel for the appellant or for the co-defendant. A short recess then occurred for fifteen minutes. Following the recess a conversation occurred at the bench between the court and counsel for appellant, the co-defendant, and government counsel and after some discussion it was only then that appellant reurged his motion for severance. No further statement or evidence was ever elicited nor was any comment made concerning the fact complained of by appellant.

"Appellant asserts that he was prejudiced by the court allowing testimony of the federal agents to show that co-defendant William A. Johnson, Jr. knew the federal agents. Appellant's Brief at page 20. It should be noted that this evidence was received without objection by appellant or counsel for the co-defendant. Id. at 469–470."

The judgment appealed from is

Affirmed.