[Crim. No. 10193. First Dist., Div. Three. Jan. 10, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
RANDY LEON ROBART, Defendant and Appellant.

## COUNSEL

Ralph J. Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby and Edward A. Hinz, Jr., Chief Assistant Attorneys General, William E. James and Edward P. O'Brien, Assistant Attorneys General, Robert R. Granucci and Karl J. Uebel, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

BROWN (H. C.), J.—The appellant pled guilty to possession of marijuana and possession of paraphernalia (Health & Saf. Code, §§ 11530, 11555) and was placed on probation on condition that he serve four months in the county jail. While serving his term in jail, he was charged with possession of marijuana and possession of marijuana in a jail (Health & Saf. Code, § 11530; Pen. Code, § 4573.6). A jury acquitted appellant of both charges. The trial judge then modified the order for probation, extending the period of probation and adding six months in jail as a condition of probation. The trial judge granted a stay of execution of one year pending the determination of this appeal.

■ We recognize that the superior court may revoke probation in the interests of justice if it has reason to believe that the probationer has com-

mitted other offenses. (Pen. Code, § 1203.2, subd. (a).) Revocation rests in the sound discretion of the court. Although that discretion is very broad, the court may not act arbitrarily or capriciously; its determination must be based upon the facts before it. (*In re Davis,* 37 Cal.2d 872 [236 P.2d 579]; *People* v. *Walker,* 215 Cal.App.2d 609, 611-612 [30 Cal.Rptr. 440].)

Also, we note in *People* v. *Hayko,* 7 Cal.App.3d 604, 609 [86 Cal.Rptr. 726], "A court is justified in revoking probation even though the circumstances would not warrant a conviction. (*People* v. *Vanella,* 265 Cal.App. 2d 463, 469 [71 Cal.Rptr. 152].) All that is required is that the grounds for revocation be clearly and satisfactorily shown; they need not be established beyond a reasonable doubt."

We agree, however, with the conclusion of the court in *People* v. *Lynn,* 271 Cal.App.2d 670 [76 Cal.Rptr. 801]. The court said at page 674: "Since the trial court stated no ground for the revocation of probation, we assume it was on the ground of the new felony convictions, and for that reason only, the judgment [following revocation of probation] must be reversed. Now that the narcotics convictions are being reversed, they cannot stand as a ground for revocation of probation."

Here the appellant denied knowledge that the marijuana was on his person. His explanation was that the shirt which he had been wearing was dirty and stained by reason of his driving a tractor. He had found a clean shirt in the washroom of the jail and put it on, removing the one he had been wearing. The marijuana was found in the pocket of this second shirt. The appellant testified he did not look in the pocket of this shirt.

There was also testimony presented by a guard at the jail that appellant's character was deemed good and described appellant as quiet, passive, with a sensitive personality who had been a cooperative inmate.

Here the petitioner was tried before a jury and acquitted. There was substantial support in the evidence for the jury's determination that he was not guilty of any offense. There was no reason other than the charges of which he was acquitted supporting the revocation of probation.

The order modifying appellant's probation was error and is therefore reversed.

Draper, P. J., and Caldecott, J., concurred.

A petition for a rehearing was denied February 9, 1973, and respondent's petition for a hearing by the Supreme Court was denied March 21, 1973.