[Crim. No. 12163. First Dist., Div. One. Sept. 4, 1974.]

THE PEOPLE, Plaintiff and Appellant, v.
RODNEY GEORGE RAFTER, Defendant and Respondent.

558

## COUNSEL

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James and Edward P. O'Brien, Assistant Attorneys General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Appellant.

Attorney General, William E. James and Edward P. O'Brien, Assistant Attorneys General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Appellant.

George H. Chula for Defendant and Respondent.

## OPINION

**THE COURT.**—This is an appeal by the People under the provisions of subdivision (a)(5) of section 1238 of the Penal Code from an order of the San Mateo County Superior Court reinstating respondent Rodney G. Rafter on probation after a hearing on a motion to revoke probation. The theory of this appeal is that the trial court committed prejudicial error in refusing to admit and consider relevant and admissible evidence which the People sought to introduce at the revocation hearing.

The People attempted to introduce evidence that respondent was in possession of drugs in violation of the terms of his probation. This evidence took the form of a certified abstract of judgment of the United States District Court for the Southern District of California finding him guilty of possession of a controlled substance with intent to distribute, and a certified copy of an opinion of the United States Court of Appeals for the Ninth Circuit reversing that conviction solely on the ground that the evidence was the product of what the court deemed an unreasonable search. The trial court rejected the evidence on the grounds that the rationale of *In re Martinez* (1970) 1 Cal.3d 641, 649-651 [83 Cal.Rptr. 382, 463 P.2d 734] (cert. den., 400 U.S. 851 [27 L.Ed.2d 88, 91 S.Ct. 71]) does not apply to revocation of probation and that neither the documents nor proof of the conviction would be competent evidence.

Although the revocation or reinstitution of probation is a matter within the sound discretion of the trial court, the court may not act arbitrarily or capriciously in exercising that discretion. (*People* v. *Robart* (1973) 29 Cal.App.3d 891, 893 [106 Cal.Rptr. 51].) Failure to consider relevant and competent evidence bearing on the issue of revocation is an abuse of discretion.

In *In re Martinez, supra,* it was held that on revocation of parole all relevant evidence should be considered, and that the Fourth Amendment and *Dorado* exclusionary rules are not applicable to such proceedings. The argument that *Martinez* is not applicable to probation revocation hearings, as opposed to parole revocation hearings, has been persuasively rejected in *People* v. *Hayko* (1970) 7 Cal.App.3d 604, 609-611 [86 Cal. Rptr. 726]. (See also *People* v. *Vickers* (1972) 8 Cal.3d 451, 458 [105 Cal.Rptr. 305, 503 P.2d 1313].)

Regarding the relevancy and competency of the evidence, there is no question but that the reversal of the conviction does not preclude the use of the evidence regarding the course of conduct involved in the

charges to determine if probation should be revoked. (*People* v. *Vanella* (1968) 265 Cal.App.2d 463, 465-470 [71 Cal.Rptr. 152].) The People offered the evidence for this purpose, and not merely to show that a conviction had occurred; thus the evidence was relevant. (Cf. *People* v. *Robart, supra,* 29 Cal.App.3d at p. 893.)

■ It is also settled that the court could consider evidence which the exclusionary rule would render inadmissible in a criminal trial unless the police conduct involved has been such as to shock the conscience. (*In re Martinez, supra,* 1 Cal.3d at pp. 648-652; *People* v. *Petersen* (1972) 23 Cal.App.3d 883, 896 [100 Cal.Rptr. 590].) Respondent has argued that this rule conflicts with federal authority, but this court is bound by the California Supreme Court's expression to the contrary in *Martinez.*

■ The evidence itself was not incompetent because of a hearsay or secondary nature since such evidence is admissible at a probation revocation hearing. (See *People* v. *Vickers, supra,* 8 Cal.3d at pp. 457-458.) Section 1203.2 of the Penal Code itself contemplates the use of probation reports, themselves obviously of a secondary and hearsay nature, and any other relevant evidence, even if such evidence would not be admissible at trial. (See *In re Thomas* (1972) 27 Cal.App.3d 31, 34-35 [103 Cal.Rptr. 567].)

■ Although not raised by the parties, we have considered whether the lower court's exclusion of the evidence was justified by considerations expressed in *Morrissey* v. *Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593] regarding the rights of one in respondent's position to confront adverse witnesses, or in this case, to attack adverse evidence. In light of the fact there was a stipulated set of facts presented to the federal appellate court, there would be no reason to exclude those facts from consideration at a probation revocation hearing when introduced to present a prima facie case of probation violation. The People concede in their brief that considerations of fairness would require that respondent be allowed to contest the prima facie evidence by presenting his own evidence.

■ In light of the above, the lower court's determination was in error because it wrongfully failed to consider competent, relevant, and admissible evidence regarding respondent's alleged violation of probation as to allegation two of the amended affidavit of probation violation. The decision must therefore be reversed to this extent. As noted by the People on appeal, all that is required upon remand is that the court consider

this evidence, along with any presented by respondent. The lower court could still, in the exercise of its discretion, reinstate probation.

The order reinstating probation is reversed. The matter is remanded to the trial court for further proceedings in accord with this decision.