**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gerald Martin FOSTER,
Defendant-Appellant.**

**No. 74–2647**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 13, 1975.

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Oscar J. Pena, Laredo, Tex. (Court-appointed), for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Edward B. McDonough, Jr., James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Appellant Foster was convicted of conspiring to possess marijuana with the intent to distribute that substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Foster contends that the search of a van belonging to and driven by a co-conspirator, one Brunson, was illegal and that his own conviction must be reversed on that basis. Unfortunately for appellant, he was not present at the search, he was not charged with an offense which includes, as an essential element of the offense charged, possession of the seized evidence at the time of the search and seizure, and he did not have a cognizable proprietary interest in either the premises searched or the evidence seized. In a word, Foster has no standing to contest the search of Brunson's vehicle. Brown v. United States, 1973, 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208; United States v. Hunt, 5 Cir. 1974, 505 F.2d 931; United States v. Johnson, 5 Cir. 1972, 456 F.2d 295. Foster also argues that there was insufficient evidence to support the jury verdict, that he should have been tried in his home state of Indiana instead of in Texas, that the Government wrongfully introduced prior crime evidence at trial, and that the Government and the trial judge conducted themselves in such a manner as to deny appellant a fair trial. There is no merit in any of these claims. The conviction is

Affirmed.