## UNITED STATES of America, Plaintiff-Appellee,

v.

## Gregory Bond FRENCH and Donald Wayne Gilbert, Defendants-Appellants.

### No. 76–3074
### Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 24, 1977.

Mark Lemle Amsterdam, New York City, for defendants-appellants.

Robert W. Rust, U.S. Atty., Barbara D. Schwartz, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Appellants were convicted for conspiracy to possess cocaine with intent to distribute, 21 U.S.C. §§ 952(a) and 841(a)(1) and 846; and 18 U.S.C. § 2. Appellants contend that evidence introduced at trial was obtained in violation of Fourth Amendment protection, and that they were entrapped.

The appellants were arrested in a Miami motel room by five Drug Enforcement Administration agents. Incident to, and contemporaneous with, the arrest a suitcase containing $38,000 was seized and searched. Moments before its seizure, an agent had been told by a coconspirator/informant that currency was to be found in the suitcase. The currency was to be used to purchase cocaine.

The appellants do not contest the validity of the arrest, but contend that the search

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

was extended beyond the lawful scope of a search incident to an arrest. Appellants place primary reliance upon *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

In defining permissible scope the *Chimel* Court stated:

"There is ample justification for a search of an arrestee's person and the area 'within his immediate control'—defining that phrase to mean the area from which he might gain possession of a weapon or destructible evidence."

*Chimel*, 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969). Appellants urge that the suitcase was not within their "immediate control" as defined in *Chimel*, and that the search was thereby invalid.

At the moment of arrest the suitcase was within the control of appellant French, as it was an arm's length from him. As the trial judge emphasized, this search is far removed from the general exploratory search that *Chimel* forbids.

The search of the suitcase was a search of an item in open view, within an arm's length of appellant French, connected with the offense for which the arrest was made. The seizing agent had probable cause to believe that the suitcase contained an instrumentality of the crime. The search is based on probable cause and falls within the "search incident to a lawful arrest" exception to the warrant requirement. *Chimel, supra.* The search was in all respects proper.[1]

The appellants also assert the defense of entrapment. This defense is without merit in this case.

The judgment of district court is affirmed.

---

1. In *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), the Supreme Court found that a warrantless search of a "zipper bag" based on probable cause and incident to a lawful arrest was constitutional.