**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**J. M. WIYGUL, Defendant-Appellant.**

No. 78–5076

**SUMMARY CALENDAR.***

United States Court of Appeals,
Fifth Circuit.

Aug. 18, 1978.

Thomas E. Baddley, Birmingham, Ala., for defendant-appellant.

J. R. Brooks, U. S. Atty., James C. Thomason, III, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409.

Before GOLDBERG, AINSWORTH, and HILL, Circuit Judges.

PER CURIAM:

This appeal is taken from order and judgment finding appellant guilty of violation of parole, the revocation of his parole, and sentencing imposed thereupon.

In October, 1975, appellant, upon his plea of guilty, had been found guilty of conspiracy to possess and distribute cocaine and two substantive offenses concerning the possession and distribution of cocaine. Upon those convictions, he had been sentenced to custody for a period of five years and a special parole term of three years on the conspiracy count. This sentence was suspended during five years probation. Imposition of sentence on each of the other two charges was suspended and appellant was placed on probation for a concurrent period of five years.

In August of 1977, law enforcement officers were executing a search warrant involving an apartment owned and resided in by two people other than appellant. During the search, the officers discovered tape recordings of telephone calls made by the occupants of that apartment. Appellant's voice was identified on those tapes, and the conversation thus recorded concerned a conspiracy on the part of appellant to distribute controlled substances. In connection with a criminal prosecution of the occupants of the apartment, not parties here, an order had been entered suppressing the material seized as a result of this search.

In the instant case, when a parole violation warrant had been issued, the officers executing the same upon appellant searched a small piece of hand luggage which had been carried by appellant just before his arrest and which was sitting on the floor a few feet from him at the time of his arrest. Appellant maintains that the evidence indicates that, before the search of this hand luggage, he had been arrested and handcuffed.

The tapes were introduced as evidence against appellant in the parole revocation hearing. Marijuana, hashish and a pistol, all of which had been found in the hand luggage, were also introduced. Appellant moved to suppress all of these things.

It is urged by the government that appellant had no standing to complain of the search carried out in the apartment, there being no indication that appellant had any proprietary or possessory interest in the premises or in any of the articles obtained as a result of this search. See Brown v. United States, 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973); United States v. Foster, 506 F.2d 444 (5th Cir. 1975), cert. denied, 421 U.S. 950, 95 S.Ct. 1683, 44 L.Ed.2d 104. The government further maintains that at the time of appellant's arrest, the officers were entitled to look through the hand luggage which was in the immediate vicinity of appellant to be sure that any evidence contained in it might not be destroyed and for their own protection should a weapon be contained in the luggage. Indeed, a small caliber pistol was found there. See Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); United States v. French, 545 F.2d 1021 (5th Cir. 1977). We do not reach these contentions, however, because United States v. Brown, 488 F.2d 94 (5th Cir. 1973), decides the controlling issue as to these suppression motions. The exclusionary rule does not apply to probation revocation hearings absent a demonstration of police harassment of probationers. This record discloses no evidence of appellant's having been so harassed.

Other contentions are made on behalf of appellant. We find from a review of the record that there was ample evidence identifying appellant's voice on the tape recordings. The sentences imposed were well within those allowed by law and no abuse of discretion is shown in the sentences imposed here. United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); United States v. Killi-

*an*, 541 F.2d 1156 (5th Cir. 1976). Appellant had been placed on probation and imposition of sentences had been suspended on account of his guilty pleas to serious charges of criminal actions related to the possession and distribution of drugs. His parole violations were directly related to further activities in the drug traffic.

The district court did not abuse its discretion in revoking appellant's probation under the facts of this case. *United States v. Francischine*, 512 F.2d 827 (5th Cir. 1975), *cert. denied*, 423 U.S. 931, 96 S.Ct. 284, 46 L.Ed.2d 261.

AFFIRMED.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.