THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT WATSON, Defendant-Appellant.

First District (5th Division)    No. 78-227

Opinion filed March 2, 1979.

James J. Doherty, Public Defender, of Chicago (James Rhodes and Michael D. Magida, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, J. Jonathan Regunberg, and Mark Bulovic, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from an order revoking defendant's probation and sentencing him to one to three years in the Department of Corrections. The single issue presented is whether the trial court erred in refusing a hearing on defendant's motion to quash his arrest and suppress the evidence seized.

Defendant was on probation for a conviction for burglary when he was arrested and charged with the possession of heroin and marijuana. At the inception of the subsequent probation revocation hearing, defendant moved to quash and suppress, alleging in pertinent part, that his arrest was without the authority of a valid warrant and took place under circumstances which could "not reasonably be interpreted by the arresting officers as constituting probable cause that [he] had committed or was about to commit a crime"; and that from a search during his

"illegal detention" the police obtained evidence which the State intended to use in his prosecution. The motion was denied without an evidentiary hearing.

The evidence adduced at the probation revocation hearing will not be detailed here, as defendant does not contend that such evidence failed to support the order committing him to the Department of Corrections.

OPINION

■■ Concerning the question of whether defendant was entitled to an evidentiary hearing on his motion to quash and suppress, we note that both parties placed reliance upon *People v. Dowery* (1975), 62 Ill. 2d 200, 340 N.E.2d 529. They are in agreement that under the reasoning of *Dowery* the fourth amendment's exclusionary rule is not applicable in probation revocation proceedings. Defendant, however, argues that where there is evidence of police harassment, the exclusionary rule should be used to exclude illegally seized evidence in such proceedings. This argument is based upon an observation by the court in *Dowery* and a holding in *People v. Knight* (1978), 58 Ill. App. 3d 651, 374 N.E.2d 1045. In *Dowery*, the court stated:

> "The only reservation expressed by several courts in denying applicability of the 'exclusionary rule' to a revocation proceeding might occur in situations where police harassment of probationers is demonstrated. [Citations.]" (62 Ill. 2d 200, 206, 340 N.E.2d 529, 532.)

In *Knight*, which involved a probation revocation proceeding, defendant in a motion to suppress certain evidence alleged that it had been obtained as the result of police harassment of defendant's wife. There was testimony of threats to search defendant's home without a warrant, an attempt to coerce consent, and that the actual search was without consent. The court held that this was the type of harassment contemplated by *Dowery* and that defendant was entitled to an evidentiary hearing on those charges.

■■ ■ We note, however, that in neither *Dowery* nor the cases upon which it relied (*United States v. Winsett* (9th Cir. 1975), 518 F.2d 51; *United States v. Farmer* (6th Cir. 1975), 512 F.2d 160, *cert. denied* (1975), 423 U.S. 987, 46 L. Ed. 2d 305, 96 S. Ct. 397; *United States ex rel. Lombardino v. Heyd* (E.D. La. 1970), 318 F. Supp. 648, *aff'd* (5th Cir. 1971), 438 F.2d 1027, *cert. denied* (1971), 404 U.S. 880, 30 L. Ed. 2d 160, 92 S. Ct. 195), was police harassment demonstrated. It was stated, however, in *Winsett* that harassment could be established by demonstrating that at the time an illegal search was conducted, the law enforcement officers involved knew defendant to be a probationer. The underlying reasoning was that:

"When the police at the moment of search know that a suspect is a probationer, they may have a significant incentive to carry out an illegal search even though knowing that evidence would be inadmissible in any criminal proceeding. The police have nothing to risk: If the motion to suppress in the criminal proceedings were denied, defendant would stand convicted of a new crime; and if the motion were granted, the defendant would still find himself behind bars due to revocation of probation. Thus, in such circumstances, extension of the exclusionary rule to the probation revocation proceeding may be necessary to effectuate Fourth Amendment safeguards." (518 F.2d 51, 54 n. 5.)

From the reasoning of these cases, it appears to us that a probationer to bring himself within the parameters of the exception to the general inapplicability of the exclusionary rule must, in a motion to suppress, allege not only the illegality of the search and seizure but also that it was the result of police harassment. Compare *Knight* with *People v. Woodall* (1976), 44 Ill. App. 3d 1003, 358 N.E.2d 1267; *People v. Reese* (1976), 37 Ill. App. 3d 820, 347 N.E.2d 451.

■ Here, the motion to suppress alleged that defendant's arrest was not based upon probable cause and therefore the arrest and search were illegal, but there was no allegation that the search and seizure was the result of police harassment. Under the circumstances, we believe that the motion to suppress was insufficient to raise the possibility that the exclusionary rule may have been applicable and, therefore, that the trial court did not err by denying an evidentiary hearing.

■ Defendant, nonetheless, argues that certain testimony elicited during the course of the revocation hearing forms the basis for a finding of police harassment. At that hearing, defendant testified that after he was searched, taken to the police station, and confined in a holding cell, he was informed that due to his probationary status he would be charged with a narcotics violation. Such testimony in our opinion, cannot be stretched to indicate that the arresting officers were aware of defendant's status at the time of the search and seizure, and we find nothing in the record revealing any such awareness of the officers. Accordingly, even if the deficiencies of the written motion to suppress were overlooked, we find no merit in this argument.

For the reasons stated, the judgment appealed from is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.