THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVEN F. MATSCHKE, Defendant-Appellant.

Fourth District   No. 15760

Opinion filed May 7, 1980.

Marvin J. Glass, Marc M. Barnett, Charles K. Piet, Jeanna Van Horn, and Robert Collins, all of Barnett, Ettinger, Glass, Berkson and Braverman, Ltd., of Chicago, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Marc D. Towler, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals from the order of the trial court which revoked probation and imposed a sentence of 1 to 3 years. In 1976, defendant was sentenced to 4 years' probation and a fine of $1,000 upon his plea of guilty to a violation of section 404 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1404). The petition to revoke probation filed in January 1979 alleged, *inter alia*, the possession of a controlled substance, cocaine, in violation of section 402(b) of the Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(b)).

It is argued that the trial court erred in refusing to allow defendant to make a motion to suppress evidence and in admitting into evidence items alleged to be unlawfully seized; that the trial court erred in denying defendant's motion for a competency hearing; that a subsequent hearing ruled that defendant was fit to be sentenced, and that there was an abuse of discretion in the sentence imposed.

Defendant was stopped when a deputy sheriff observed the defendant speeding and failing to signal a turn. Defendant produced his operator's license as requested and the deputy's radio inquiry disclosed that the license had been suspended. He was then arrested, handcuffed and transported to the county jail. Defendant sought to remove, and then requested that the deputy remove two small bags from his car to be taken with the defendant. One of the bags was said to contain money for defendant's bond. Incident to defendant's booking at the jail, the bags were searched over defendant's objection, and the contraband at issue was discovered.

Section 114—12(b)(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 114—12(b)(c)), governing motions to suppress, provides:

"(b) The motion shall be in writing and state facts showing wherein the search and seizure were unlawful. * * *.

(c) The motion shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the

grounds for the motion. If the motion is made during trial, and the court determines that the motion is not untimely * * *."

No written motion was filed in this case. On March 30, 1979, the hearing on probation revocation was set to be heard on May 11. After the hearing was commenced on the latter date a motion was made orally that a motion to suppress that had been filed in a companion charge be heard in this case. That motion had been set for hearing and denied upon counsel's failure to appear at the date set. The trial court denied the oral motion to suppress as untimely.

■■ In argument here, defendant concedes that in *People v. Dowery* (1975), 62 Ill. 2d 200, 340 N.E. 529, the supreme court determined that exclusion of evidence alleged to have been illegally seized in violation of the fourth amendment to the United States Constitution was not applicable in proceedings for revocation of probation. In short, it was held that evidence which had been suppressed upon a charge of burglary was nevertheless admissible in proceedings for revocation of probation.

It is contended that this case comes within an exception to the holding in *Dowery*. In defendant's statement "If the police involved either had knowledge, or had reason to believe that defendant was on probation at the time the search was conducted, then the Fourth Amendment safeguards against unreasonable searches and seizures must be applied in the proceedings to revoke probation." That statement, in argument, refers to certain language quoted in *Dowery* and in *People v. Watson* (1979), 69 Ill. App. 3d 497, 387 N.E.2d 849. The stated argument claims to be founded in defendant's cross-examination of the arresting officer at the revocation proceedings concerning the officer's request to examine defendant's driving license. The officer had stated that he did not always check a driver's license, although he usually did so. In response to questions, the officer stated that he recognized defendant "from an incident that occurred some time back and thought a driver's license check would be in order." The prosecution's objections through further cross-examination concerning the "incident" were sustained.

As stated in *Dowery* and *Watson*, the true basis for the possible exception considered in *Dowery* is where the motion to suppress alleges, and the evidence discloses, police harassment of one who is on probation. In *Watson*, it was essentially conceded by the prosecution that the arrest was made without probable cause. The denial of a motion to suppress was affirmed under the statement of *Dowery* when the reviewing court determined that police harassment was neither alleged nor shown under the evidence. In *People v. Knight* (1979), 75 Ill. 2d 291, 388 N.E.2d 414, evidence at revocation proceedings disclosed that an arresting officer was acquainted with defendant during a period of probation. It being

contended that evidence seized should be suppressed as an exception to the rule of *Dowery*, the court said:

> "[B]ut there was no evidence that he knew defendant was a probationer. Nor did defendant's motion make any reference to the officer's prior knowledge of him or his status. Without that essential allegation and proof, the sole basis for considering whether harassment of probationers justifies extension of the exclusionary rule to probation revocation proceedings never arises." 75 Ill. 2d 291, 299, 388 N.E.2d 414, 418.

The evidence here does not suggest that there was "police harassment" in the stopping of defendant on the highway and his subsequent arrest. The incident occurred in the night time at the junction of an interstate highway and a State highway. There was pursuit for the speeding and it was not argued that the officer knew whom he was stopping. We will not say that the subsequent acts of the officer in requesting examination of the defendant's driving license, in making the inquiry which disclosed that the license had been suspended, or in making the arrest for driving with a suspended license constitute "police harassment." Moreover, the incident of the alleged illegal search did not occur until after the lawful arrest and the bags were taken from defendant's car at his own request and the search was made at the booking station.

We affirm the trial court's determination that there was no timely motion to suppress, and again, that there were no facts supporting a claim of police harassment.

On the day preceding the revocation hearing, defendant filed a motion for a competency hearing. Counsel have made no representation in the record that defendant was unable to understand the nature of the proceedings, or was unable to cooperate with counsel. The motion was first raised after the revocation hearing was called up. The motion was accompanied by two brief conclusory affidavits, each reciting an examination at an unspecified time and an opinion that defendant was unable to understand the state of the charges and was unable to assist counsel. One affiant was a psychologist, Pitluk, and one a psychiatrist, Reinstein. The trial court noted that in argument defendant's counsel were not relying upon the affidavits of the psychologist. (See *In re Wellington* (1975), 34 Ill. App. 3d 515, 340 N.E.2d 31; *People v. Gilliam* (1974), 16 Ill. App. 3d 659, 306 N.E.2d 352.) The trial court noted that the brief affidavit did not state any facts which supported the opinion expressed. Colloquy of court and counsel referred to a letter from the psychiatrist as being at some variance with the affidavit, but that letter is not in the record. The trial court found no facts presented by affidavit

which raised a *bona fide* doubt and required a hearing upon defendant's fitness to stand trial. (Ill. Rev. Stat. 1977, ch. 38, par. 1005—2—1(c).) We find no abuse of discretion by the trial judge. (*People v. Carter* (1974), 16 Ill. App. 3d 842, 306 N.E.2d 894.) Neither conduct of defendant, as observed by the trial judge, nor representation of counsel presented any facts which raised a *bona fide* doubt of fitness, and the cause was set for sentence hearing on June 8, 1979.

Upon convening court for the sentencing hearing, the defendant again presented a motion for a competency hearing as to sentence and presented a psychiatrist, Ziporyn, representing that he would testify that defendant was a schizophrenic suffering from a mental disease causing defects in reason and judgment. The trial court heard the testimony of the psychiatrist retained by defendant. Based upon defendant's answers to certain questions said to be commonly used by psychiatrists, the witness concluded that defendant was a schizophrenic and that test results reported by a psychologist showed a distortion of thought processes. His conclusion was that defendant employed private meanings or symbols in communication so that his counsel could not always correctly determine the meaning of the words used by defendant.

The two psychiatrists appointed by the court testified that each found no clinical evidence of schizophrenia and no evidence of psychiatric illness. The first found that defendant had an unusually good relationship with his attorneys and that he could explain his legal problems. He found no hallucinations, delusions, or bizarre behavior which is characteristic of schizophrenia. As to some questions the psychiatrist found defendant evasive but not stubbornly so, and that defendant would respond to rephrased questions. He characterized the evasive answers as comparable to those of a politician at a press conference. The second appointed psychiatrist found no evidence of mental illness, although defendant believed that "recreational use" of drugs ought not to be considered criminal. He found no answers to questions by defendant which were peculiar or remote from the subject. Thereafter, the trial court found that defendant was competent to be sentenced.

■ Upon the issue of defendant's competence to stand trial or to be sentenced under section 5—2—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—2—1), the prosecution must establish defendant's competence by a preponderance of the evidence. (*People v. McCullum* (1977), 66 Ill. 2d 306, 362 N.E.2d 307; *People v. Wells* (1975), 30 Ill. App. 3d 968, 333 N.E.2d 496.) While only summarized, we have examined the testimony of the psychiatrists and find that the trial court's finding is not against the manifest weight of the evidence.

Defendant argues that the trial court abused its discretion in

imposing sentence and failed to consider the factors in mitigation as stated in section 5—5—3.1 of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.1.) It is argued that probation is the preferred sentence under the Code and that there was no threat of serious harm to any person arising from the offense.

The record shows, however, that defendant substantially ignored all of the requirements of the prior probation order. That record does not support a conclusion that defendant's conduct was the result of circumstances unlikely to recur, that defendant was particularly likely to comply with the terms of a probation order, or that the character or attitude of defendant indicates that he is unlikely to commit another offense.

Here, the trial court concluded that defendant's actions followed his belief that the use of controlled substances should not be considered an offense and that further probation would deprecate the seriousness of the offense and would be inconsistent with the ends of justice.

■ Under the provisions of section 5—5—4.1 of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—4.1), upon the record, the presumption that the sentence imposed was proper has not been rebutted. Neither can we find an abuse of discretion on the part of the trial judge.

The judgment is affirmed.

Affirmed.

MILLS, P. J., and GREEN, J., concur.