Kimberly N. THOMPSON, Appellant,

v.

UNITED STATES, Appellee.

No. 80–820.

District of Columbia Court of Appeals.

Submitted March 10, 1982.

Decided April 21, 1982.

---

Richard S. Stern, Washington, D. C., appointed by this court, was on the brief, for appellant.

Charles F. C. Ruff, U. S. Atty., Washington, D. C., at the time the brief was filed, with whom John A. Terry, and Barry M. Tapp, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and KELLY and MACK, Associate Judges.

MACK, Associate Judge:

The issue presented by this appeal is whether evidence which is the fruit of an unconstitutional search and seizure may be considered and relied upon by a sentencing court at a probation revocation hearing. We hold that, absent egregious circumstances, the Fourth Amendment exclusionary rule is inapplicable in the context of a probation revocation hearing and therefore affirm the court's decision to revoke appellant's probation.

Pursuant to a plea bargaining agreement, appellant pled guilty to a charge of attempted unauthorized use of a vehicle and was sentenced to an indeterminate term of incarceration under 18 U.S.C. § 5010(b) (1976). However, the court suspended execution of this sentence and placed appellant on two years' probation. See id. § 5010(a). As a condition of his probation appellant was required to obey all laws and ordered not to be arrested with probable cause.

While appellant was on probation police officers arrested him and seized a gun that was in his possession at the time of the arrest. Charges arising from this arrest were dropped, however, after the trial court granted appellant's motion to suppress the gun on Fourth Amendment grounds.

The court which had originally sentenced appellant to two years' probation subsequently conducted a probation revocation hearing, revoked probation, and sentenced him to one year of confinement. The court considered the suppressed gun in making this determination on the ground that the Fourth Amendment exclusionary rule is inapplicable to a probation revocation proceeding. Appellant argues that the court erred in considering and relying upon the suppressed evidence at this hearing.

In reviewing appellant's claim we find it necessary to consider the purpose of the exclusionary rule and the purpose and nature of probation and a probation revocation hearing.

The exclusionary rule is designed to protect the Fourth Amendment right of citizens "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." It operates to bar the use of evidence obtained in violation of the Fourth Amendment against the victim of the unconstitutional search and seizure. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); *Weeks v. United States*, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914). The purpose of the exclusionary rule is

> to deter future unlawful police conduct and thereby effectuate the guarantee of the Fourth Amendment against unreasonable searches and seizures . . . . [However,] [d]espite its broad deterrent purpose, the exclusionary rule has never been interpreted to proscribe the use of illegally seized evidence in all proceedings or against all persons. As with any remedial device, the application of the rule has been restricted to those areas where its remedial objectives are thought most efficaciously served. [*United States v. Calandra*, 414 U.S. 338, 347–48, 94 S.Ct. 613, 619–20, 38 L.Ed.2d 561 (1974).]

Accordingly, while evidence obtained in violation of constitutional rights is properly suppressed in a criminal trial, such evidence has been held admissible in other contexts. *See, e.g., United States v. Janis*, 428 U.S. 433, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976)

(evidence unlawfully seized by state law enforcement officials held admissible in federal civil proceedings); *Oregon v. Hass*, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975) (statements obtained in violation of suspect's *Miranda* rights, while inadmissible in government's case-in-chief, held admissible for impeachment purposes); *United States v. Calandra, supra* (exclusionary rule held inapplicable in context of a grand jury proceeding).

Turning to the nature and purpose of probation and a revocation proceeding, we note that "[a] probation revocation proceeding is not a criminal prosecution; rather, it is more in the nature of an administrative hearing intimately concerned with the probationer's rehabilitation." *Short v. United States*, D.C.App., 366 A.2d 781, 785 (1976) (citations omitted). The decision to grant or revoke probation is a matter committed to the sound discretion of the sentencing court. *See Jones v. United States*, D.C. App., 401 A.2d 473, 476–77 (1979) *citing* D.C.Code 1973, §§ 16–710 and 24–104. In making this determination the court must balance the competing interests of the community in safety with the rehabilitative goals of probation. Accordingly, both society and the probationer have an interest in ensuring that a sentencing court is fully informed of all relevant facts in exercising its discretionary authority. "Because violation of probation conditions may indicate that the probationer is not ready or is incapable of rehabilitation by integration into society, it is extremely important that *all reliable* evidence shedding light on the probationer's conduct be available during probation revocation proceedings." *United States v. Winsett*, 518 F.2d 51, 55 (9th Cir. 1975) (footnote omitted; emphasis in original).

In determining whether to apply the exclusionary rule to probation revocation proceedings we must weigh the potential benefit—deterrence of police misconduct—which would result against the potential harm to the function of the probation and probation revocation system that would result from the exclusion of relevant evidence. *See United States v. Calandra, supra*, 414 U.S. at 349, 94 S.Ct. at 620. The majority of jurisdictions that have addressed this issue have concluded that the deterrence which would result from applying the exclusionary rule in this context is outweighed by the need of the sentencing court for full and accurate information, and hence have held the exclusionary rule inapplicable to probation revocation proceedings. *See United States v. Frederickson*, 581 F.2d 711, 713 (8th Cir. 1978); *United States v. Wiygul*, 578 F.2d 577, 578 (5th Cir. 1978); *United States v. Winsett, supra; United States v. Farmer*, 512 F.2d 160, 162–63 (6th Cir.), *cert. denied*, 423 U.S. 987, 96 S.Ct. 397, 46 L.Ed.2d 305 (1975); *United States v. Hill*, 447 F.2d 817, 818–19 (7th Cir. 1971); *United States v. Allen*, 349 F.Supp. 749, 753–54 (N.D.Cal.1972); *State v. Sears*, 553 P.2d 907, 913 (Alaska 1976); *State v. Alfaro*, 127 Ariz. 578, 579, 623 P.2d 8, 9 (1980) (en banc); *Harris v. State*, 606 S.W.2d 93, 95 (Ark.App.1980); *People v. Rafter*, 41 Cal.App.3d 557, 562, 116 Cal. Rptr. 281, 283 (1974); *People v. Ressin*, Colo., 620 P.2d 717, 720 (1980); *People v. Matschke*, 83 Ill.App.3d 1000, 1002–03, 39 Ill.Dec. 456, 457–58, 404 N.E.2d 1047, 1048–49 (1980), *cert. denied*, 450 U.S. 917, 101 S.Ct. 1362, 67 L.Ed.2d 343 (1981); *Dulin v. State*, 169 Ind.App. 211, 221, 346 N.E.2d 746, 753 (1976); *State v. Davis*, 375 So.2d 69, 75 (La.1979); *State v. Caron*, 334 A.2d 495, 498–99 (Me.1975); *State v. Thorsness*, 165 Mont. 321, 327, 528 P.2d 692, 696 (1974); *Stone v. Shea*, 113 N.H. 174, 177, 304 A.2d 647, 649 (1973); *State v. Ray*, 41 Or.App. 763, 765, 598 P.2d 1293, 1294 (1979); *Commonwealth v. Davis*, 234 Pa.Super. 31, 42, 336 A.2d 616, 622 (1975); *State v. Spratt*, R.I., 386 A.2d 1094, 1095–96 (1978). *Contra, United States v. Workman*, 585 F.2d 1205, 1211 (4th Cir. 1978), *aff'd after remand*, 617 F.2d 48 (4th Cir. 1980); *State v. Dodd*, 396 So.2d 1205, 1208 (Fla.Dist.1981); *Adams v. State*, 153 Ga.App. 41, 42, 264 S.E.2d 532, 533 (1980); *State v. McMilliam*, 243 N.C. 775, 778, 92 S.E.2d 205, 208 (1956); *Michaud v. State*, 505 P.2d 1399, 1402–03 (Okl.Crim. App.1973); *Rushing v. State*, 500 S.W.2d 667 (Tex.Crim.App.1973).

A number of courts have, however, held or suggested that under certain circumstances exclusion of unlawfully obtained evidence from a revocation hearing would be appropriate. Where, for example, illegal acts of a government agent were directed specifically at a probationer or shock the conscience the deterrent effect that exclusion of such evidence would have outweighs the need of the sentencing court for full and reliable information. *See, e.g., United States v. Wiygul, supra* at 578; *United States v. Winsett, supra* at 54; *United States v. Farmer, supra* at 162; *State v. Sears, supra* at 914; *State v. Davis, supra* at 75; *State v. Caron, supra* at 499 n.6; *State v. Thorsness, supra,* 165 Mont. at 327, 528 P.2d at 696; *State v. Spratt, supra,* 386 A.2d at 1095 n.2.

We follow the majority rule and hold the exclusionary rule inapplicable to probation revocation proceedings in the absence of egregious circumstances which warrant exclusion of illegally seized evidence from such proceedings.

Turning to the instant case, the trial court found that the search

> was not a harassing search although it has been found to be illegal.... [T]here was no gross abuse such as would warrant the court to depart from enforcing the principal rationale for the suppression rule which is to deter. There is no evidence in this case that the police officer knew that the defendant was on probation and that he intentionally and willfully embarked upon an illegal seizure for the purpose of effecting a revocation of [appellant's] probation.

Accordingly, we conclude that the sentencing court properly considered the illegally seized evidence in determining whether to revoke appellant's probation.

*Affirmed.*