**Edna M. PATTERSON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 86–71.**

District of Columbia Court of Appeals.

Submitted Jan. 11, 1990.

Decided March 12, 1990.

Ted Kavrukov, appointed by this court, was on the brief for appellant.

Jay B. Stephens, U.S. Atty., John R. Fisher and Elizabeth Trosman, Asst. U.S. Attys., were on brief for appellee.

Before ROGERS, Chief Judge, and NEWMAN and STEADMAN, Associate Judges.

STEADMAN, Associate Judge:

Appellant, who pleaded guilty to one count of possession with intent to distribute phenmetrazine in violation of D.C.Code § 33–541(a)(1) (1988), was sentenced by Judge King on January 25, 1984, to a term of imprisonment plus three years' probation. In September 1984, appellant was released from detention, but she began to have difficulty meeting her conditions of probation. On November 27, 1985, after holding a hearing, Judge King revoked appellant's probation. The only issue appellant presents to us is whether the trial judge erred in admitting hearsay evidence at the probation revocation hearing. We affirm.

I

At the November 25 revocation hearing, James DeWitt appeared on behalf of the Probation Department. He was standing in for appellant's probation officer, who was not at work that day. DeWitt explained that on November 21, he had reviewed the probation violation report prepared by appellant's probation officer, and that he had discussed the case with both appellant's probation officer and the officer's supervisor. Testifying on the basis of the probation violation report, DeWitt indicated that appellant had violated a condition of her probation by failing to enroll in a methadone drug treatment program. He also testified that the probation violation report indicated that appellant had failed to meet with her probation officer on at least four occasions. According to DeWitt, the probation violation report contained only the "objective observations" of members of the Probation Department, not their opinions.

Appellant objected to DeWitt's testimony on hearsay grounds. The trial judge over-

ruled the objections, stating that hearsay is admissible in probation revocation hearings provided it is "worthy of belief."

Appellant also testified at the hearing. She admitted missing many of her monthly appointments with her probation officer. Additionally, she explained that she had not enrolled in the methadone drug treatment program offered by her probation officer because she felt she needed psychiatric care, not methadone treatment.

The trial judge concluded that because appellant had made a "good faith effort" to get treatment, she had not violated the drug treatment condition of her probation. However, the judge did find that appellant had violated the condition that she report to her probation officer. As a result, he revoked appellant's probation. Judge King reduced appellant's sentence to one to three years' imprisonment with credit for the ten months she had served after her initial sentencing.

## II

In *Short v. United States*, 366 A.2d 781 (D.C.1976), this court explained that "[a] probation revocation proceeding is not a criminal prosecution; rather, it is more in the nature of an administrative hearing intimately concerned with the probationer's rehabilitation." *Id.* at 785 (citing, *inter alia, Gagnon v. Scarpelli*, 411 U.S. 778, 782–85, 93 S.Ct. 1756, 1759–61, 36 L.Ed.2d 656 (1973)). Because of the importance of ensuring that a court considering revocation of probation is "fully informed of all relevant facts," we have emphasized that it is " 'extremely important that *all reliable* evidence shedding light on the probationer's conduct be available during the probation revocation proceedings.' " *Thompson v. United States*, 444 A.2d 972, 974 (D.C.

1982) (citation omitted; emphasis in original). To that end, this court has held that a grant of immunity prohibiting the use of a probationer's testimony in subsequent criminal prosecutions does not bar the use of that testimony in a probation revocation hearing. *Short, supra*, 366 A.2d at 785. Similarly, we have permitted the use in probation revocation hearings of evidence obtained in violation of the fourth amendment, at least where the circumstances of the violation were not egregious. *Thompson, supra*, 444 A.2d at 975.

Consistent with the view that judges in probation revocation cases should have access to all reliable information, we hold that reliable hearsay evidence is admissible in probation revocation hearings. *See Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972) (in the analogous parole revocation context, "the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial"). As an official record kept in the ordinary course of business by the Probation Department, the probation violation report at issue in this case "bore 'recognized indicia of reliability.' " *Prellwitz v. Berg*, 578 F.2d 190, 192 (7th Cir.1978) (citation omitted). As such, the trial court properly overruled appellant's hearsay objection to the evidence.*

*Affirmed.*

---

\* Appellant does not allege that the introduction of the hearsay evidence violated her confrontation clause rights. Virtually every federal Court of Appeals construing this requirement has concluded that where proffered hearsay is reliable, that reliability insures that admission of the evidence does not violate a probationer's confrontation rights. *See, e.g., United States v. Simmons*, 812 F.2d 561, 564–65 (9th Cir.1987); *United States v. Penn*, 721 F.2d 762, 766 (11th Cir. 1983); *United States v. McCallum*, 677 F.2d 1024, 1026–27 (4th Cir.), *cert. denied*, 459 U.S. 1010, 103 S.Ct. 365, 74 L.Ed.2d 400 (1982); *United States v. Burkhalter*, 588 F.2d 604, 607 (8th Cir.1978); *Prellwitz, supra*, 578 F.2d at 192; *but see United States v. Caldera*, 631 F.2d 1227, 1228 (5th Cir.1980) (per curiam).