UNITED STATES of America

v.

Gary Ray JAMES.

No. 1:93–CR–17–1.

United States District Court,
E.D. Texas,
Beaumont Division.

July 31, 1995.

Denise Benson, Federal Public Defender, Beaumont, TX, for Gary Ray James.

Tracey Batson, Asst. U.S. Atty., Beaumont, TX, for U.S.

## MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

COBB, District Judge.

The Court heretofore ordered that these matters be referred to the Honorable Earl S.

Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Court has received and considered the Report of the United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED.** It is therefore

**ORDERED** and **ADJUDGED** that defendant is **SENTENCED** to fifteen (15) months imprisonment.

### REPORT AND RECOMMENDATION REGARDING SUPERVISED RELEASE

HINES, United States Magistrate Judge.

Pending is a "Petition for Action Modifying Conditions of Release" filed on May 4, 1995, alleging that defendant Gary Ray James violated terms of supervised release.

### I. Procedural Background

On May 5, 1993, defendant pleaded guilty to one count of Possession with Intent to Distribute Cocaine within 1000 Feet of a Protected Area, in violation of Title 21 U.S.C. § 841(a)(1), a Class B felony. The Honorable Howell Cobb sentenced defendant to fifteen (15) months imprisonment, six (6) years of supervised release, and a special assessment of fifty dollars ($50.00).

On February 22, 1994, defendant completed his term of imprisonment and began service of the term of supervised release, subject to standard and special conditions.

### II. The Petition

On May 4, 1995, the United States Probation Office filed a "Petition for Action Modifying Conditions of Release" contending defendant had violated the following conditions of supervised release:

Mandatory Condition—While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance.

Condition No. 11—The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

Specifically, the petition alleged defendant was arrested by the Beaumont Police Department on or about February 17, 1995, for possession of a controlled substance and resisting search.

Furthermore, the petition alleged defendant failed to notify the U.S. Probation Office of his arrest within 72 hours.

A preliminary examination and revocation hearing was set for June 6, 1995. The undersigned ordered defendant detained pending the hearing.

### III. The Revocation Hearing

On June 6, 1995, a hearing was convened to hear evidence and argument as to whether or not defendant's supervised release should be revoked or modified. In open court, defendant pleaded "true" to the allegation that he failed to notify the U.S. Probation Office of his arrest within 72 hours. Defendant pleaded "not true" to the first alleged violation, that he committed another crime while on supervised release.

Defendant also presented a motion to suppress evidence, claiming the search by Beaumont police did not comport with constitutional guarantees and the evidence seized therefore should be excluded from the revocation proceeding.

The undersigned declined to exclude the evidence absent a showing of police harassment. Although the exclusionary rule does not apply to hearings for the revocation of supervised release, an exception exists if the defendant can show he was targeted for disparate treatment by government officials. *United States v. Montez*, 952 F.2d 854, 859 (5th Cir.1992) ("the value to society of safely reintegrating former prisoners clearly outweighs whatever marginal benefit which might accrue from extending the exclusionary rule to supervised release revocation

hearing which do not involve harassment."). Evidence was accepted as it pertained to harassment.

Officer Danny Walker of the Beaumont Police Department testified that on February 17, 1995, he was patrolling local roads in conjunction with his duties as part of the Beaumont Gang Task Force. The vehicle proceeded at approximately 10 to 15 m.p.h. Defendant appeared and stepped in front of the police cruiser. Officer Walker stopped and exited the vehicle, he testified, "to check on [defendant's] welfare." Defendant did not yield a request to halt and speak with the officer, but began to walk away. The officer continued to pursue the conversation with defendant. When the two were approximately five feet apart, defendant reached into his pants pocket, extracted a small, off-white object, and put it into his mouth. Officer Walker told defendant to spit out the object, and defendant did not. They scuffled. Some of the substance fell from defendant's mouth onto the hood of the vehicle. The officer testified that defendant then said, "I am not going to lie, I had a small rock, I just chewed it up."[1] A charge of Resisting Search was filed by the Jefferson County District Attorney's Office on March 2, 1995.

The undersigned therefore found the exclusionary rule did not apply to the situation described. As discussed above, in order for the evidence seized to be suppressed, defendant must show harassment by the police. The Fifth Circuit has offered no guidance as to how to evaluate "harassment," noting in *Montez* only that the record did not support such a finding. *See Montez,* 952 F.2d at 859. *See also United States v. Wiygul,* 578 F.2d 577, 578 (5th Cir.1978) (per curiam) (same); *United States v. Brown,* 488 F.2d 94, 95 (5th Cir.1973) (per curiam) (same).

■ Absent other guidance from the Fifth Circuit, the term "harassment" should be evaluated in its plain and ordinary meaning. Webster's New Unabridged Dictionary (1957) defined "harass" as "to weary with importunity, care, or perplexity," and "to wear, to fatigue to excess, to tire...." Therefore, harassment is most often a re-

peated incident—an element of constancy should be present in the type of harassment necessary to invoke the exclusionary rule in this context. There is no such element in the present case. Additionally, where harassment may be a singular act, at least some irregularity in the conduct of the police officials must be present. The record does not indicate such irregularity.

■ The officer testified he had never met defendant prior to this encounter, and therefore did not know defendant was on supervised release. The encounter was not orchestrated in an attempt to badger defendant into committing a violation of his terms of release. Additionally, there is no evidence to suggest this was an ongoing campaign of investigation or "harassment" of defendant. Additionally, the officer approached defendant with the intent to investigate his condition, or welfare. Because the exclusionary rule is applied as a deterrent to certain official conduct, *Elkins v. United States,* 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960) (the exclusionary rule "is calculated to prevent, not repair"), application in this context would be aberrational. The courts should not seek to deter the police from investigating potentially harmful situations, such as stepping in front of a moving vehicle. Therefore, the exception does not apply.

■ Based on the testimony of Officer Walker, and the stipulation that the item falling from his mouth was indeed crack cocaine, the undersigned finds by a preponderance of the evidence defendant had violated the conditions of his probation by failing to report to the Probation Office as required and committing another crime while on supervised release, including the possession of a controlled substance while on supervised release.

### IV. Discussion

Under § 7B1.3(a) of the United States Sentencing Commission Guidelines, defendant has committed a "Grade A" violation of his probation. Upon a finding of a Grade A violation, the court shall revoke supervised release. United States Sentencing Commis-

---

1. The parties stipulated the substance was crack cocaine.

sion, *Guidelines Manual*, § 7B1.3(a)(1). *See also* 18 U.S.C. § 3583(g) (possession of a controlled substance leads to mandatory revocation of supervised release). If revocation is ordered, defendant has a criminal history category of II, resulting in a maximum term of imprisonment of fifteen (15) to twenty-one (21) months. *See* U.S.S.G. § 7B1.4(a).

Title 18 U.S.C. § 3553(a) provides that in determining sentence, the court shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(1) and that are in effect on the date the defendant is sentenced;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

■ The undersigned has carefully considered each of these factors. Defendant's violations are serious ones. There exists no alternative but to sentence him to a term of imprisonment. A sentence of fifteen months

is conducive to the underlying nature of the violations.

### Recommendation

Defendant should be sentenced to fifteen (15) months imprisonment.

### Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In this case, however, defendant and government have waived their right to object to the recommended sentence and to allocution before sentencing. Therefore, there is no need to wait ten (10) days to impose sentence.

SIGNED this 16 day of June, 1995.