**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Bentley BROWN, Defendant-Appellant.**

No. 73-2964

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 6, 1973.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Stephen K. Johnson, Gainesville, Fla. (court-appointed), for defendant-appellant.

William H. Stafford, Jr., U. S. Atty., Pensacola, Fla., Clinton Ashmore, Asst. U. S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Brown has pursued this appeal from an order revoking his pro-

bation following an evidentiary hearing. Claiming to be a lay minister in a religious organization, The Children of God, the appellant went to a shopping center to preach. His enthusiastic efforts were not welcomed, complaints were made by patrons of the center, and he was arrested for trespassing after warning. A subsequent search uncovered a controlled substance in the appellant's possession. Criminal charges were dropped, but this activity or the failure to report it to his probation officer or both facts served as the basis for his probation revocation.

Appellant contends that his arrest was not based upon probable cause and that the fruits of the unreasonable search should have been suppressed at his probation revocation hearing. Even assuming appellant is correct regarding the constitutionality of his arrest and search, he admits that the exclusionary rule does not apply to probation revocation hearings absent police harassment of probationers.[1] Upon a review of this record we find inadequate evidence of police misconduct or harassment to support an application of the exclusionary rule. Furthermore, we note that regardless of the legality of the arrest and search, appellant was charged with failure to report the incident to the Probation Officer.[2] Probation revocation is a matter entrusted to the sound discretion of the district court, and only upon a clear showing of abuse of that discretion will the district court's decision be disturbed.[3]

Affirmed.

---

1. *See,* United States ex rel. Sperling v. Fitzpatrick, 426 F.2d 1161 (2d Cir. 1970), and United States ex rel. Lombardino v. Heyd, 318 F.Supp. 648 (E.D.La.1970), aff'd, 438 F.2d 1027 (5th Cir. 1971) (per curiam).

2. The district court's findings of fact note that failure to report the indictment was

charged, but are not clear as whether this constituted the basis for probation revocation.

3. *See,* Burns v. United States, 287 U.S. 216, 221, 53 S.Ct. 154, 156, 77 L.Ed. 266, 269 (1932), and United States v. Garza, 484 F. 2d 88 (5th Cir. 1973).