Steve W. BODEKER, Plaintiff-Appellant,

v.

Frank DYSON, Chief of Police of the City of Dallas, et al., Defendants-Appellees.

No. 75–3205.

United States Court of Appeals, Fifth Circuit.

Jan. 3, 1977.

Rehearing Denied Jan. 25, 1977.

---

Lee M. Simpson, Dallas, Tex. (Court-appointed), for plaintiff-appellant.

Before COLEMAN, CLARK and TJOFLAT, Circuit Judges.

PER CURIAM:

Plaintiff, Steve Bodeker, appeals from the dismissal of his 42 U.S.C. § 1983 (1970) suit which seeks $100,000 in damages from the defendants, Frank Dyson, Chief of Police of the City of Dallas, and four Dallas City Detectives and four Dallas City Police Officers (who are currently unknown) for alleged violations of his Fourth, Fifth, and Fourteenth Amendment rights in destroying various personal items during an allegedly illegal search of his home. Finding the dismissal improper, we vacate and remand.

On May 14, 1974, the Dallas City Police searched Bodeker's residence, uncovering stolen property and a controlled substance for which Bodeker had no prescription. At the time of this search, Bodeker was on parole after serving 2 years of concurrent 5-year sentences imposed on convictions in Criminal District Court No. 5 of Dallas County, Texas, in 1970 and 1971. Although Bodeker was not prosecuted for possession of the stolen property or the controlled substance, the evidence seized in the May 14, 1974 search was introduced at a subsequent parole revocation hearing. Bodeker's parole was revoked on the basis of the alleged offenses and the evidence seized.

Bodeker initially sought habeas relief in both the state and federal courts, the gravamen of the actions being that his Fourth Amendment rights were violated in the May 14, 1974 search of his residence, and that the exclusionary rule forbade the introduction of the evidence seized at his parole revocation hearing. Both the state court and the United States District Court for the Northern District of Texas denied relief. The federal district court determined that since Bodeker had made no claims of police misconduct or harassment, habeas relief from parole revocation was foreclosed. *See United States v. Brown,* 488 F.2d 94 (5th Cir., 1973). Bodeker filed a notice of appeal to his court but subsequently withdrew it. Thereafter, Bodeker filed the instant action.

The lower court dismissed Bodeker's § 1983 suit on the recommendation of the United States Magistrate. The record makes it clear that the Magistrate and the court mistakenly conceived that Bodeker was attacking the arrests and searches leading to his 1970 and 1971 convictions rather than the May 14, 1974 search which resulted in the revocation of parole. The Magistrate treated the complaint as a claim for habeas relief and recommended that the complaint be dismissed (a) because of the previous judgment denying habeas relief and (b) because Bodeker, by entering pleas of guilty in both the 1970 and 1971 state criminal proceedings, had confessed his guilt and waived all nonjurisdictional defenses.

Although Bodeker's parole revocation was lawful, his complaint for damages as a result of the allegedly illegal May 14, 1974 search states a cause of action. *Compare Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) *with Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Accordingly, the dismissal of the complaint was improper. The order appealed from is vacated, and the cause is remanded for further proceedings not inconsistent with this opinion.

VACATED AND REMANDED.