**Johnnie Ray GRIMSLEY, Petitioner,**

v.

**Sheriff Ray M. DODSON, et al., Respondents.**

Civ. A. No. 80–0143(H).

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Aug. 7, 1981.

Final Order on Relief Aug. 26, 1981.

Stephen A. Saltzburg, Charlottesville, Va., for petitioner.

Ray M. Dodson, pro se, Robert E. Bradenham, II, Asst. Atty. Gen., Richmond, Va., for respondents.

## MEMORANDUM OPINION

TURK, Chief Judge.

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. The sole question is whether the Fourth Amendment exclusionary rule is applicable to state probation revocation proceedings. The Commonwealth of Virginia concedes that full exhaustion of state remedies has already occurred.

### I

The circumstances and facts surrounding the underlying state convictions in this case are somewhat complex and are not directly relevant to the matters currently at issue. It is sufficient to note that the petitioner, Johnnie Ray Grimsley, is currently being held answerable to two different state circuit courts based on two separate sets of convictions, both having been entered in 1973. All of the convictions were for grand larceny and each involved theft of cattle. On August 13, 1973, petitioner was sentenced in the Circuit Court for the County of Rockingham to four years incarceration after conviction on one count of grand larceny.[1] Three years of the sentence were suspended and Grimsley was placed on a ten year period of probation. On November 26, 1973, Grimsley was sentenced to two concurrent terms of five years each in the Circuit Court for the County of Page. Four years of each of these terms were suspended and petitioner was placed on a ten year period of probation to begin upon his release from the penitentiary.

Grimsley was still serving on probation in late 1979. In September, petitioner's probation officer received information from an informant that petitioner was in possession of a large quantity of marijuana. The probation officer reported this information to a Page County deputy sheriff. Both the officer and the deputy approached a local magistrate, applied for and received a search warrant. The warrant was issued to the deputy. A number of deputies and the probation officer then searched the Grimsley residence, where they found a quantity of marijuana as well as a small caliber rifle. It is undisputed that possession of either the marijuana or the firearm would have constituted a violation of the terms of Grimsley's probation. As a result of the discovery of the marijuana, petitioner was indicted on a felony possession charge. However, a Page County Circuit Judge la-

---

1. The judgment provided that the term of incarceration would run consecutively with a four year term previously imposed in the Circuit Court for the County of Page. This latter conviction is not relevant to the instant matter.

ter granted a motion to suppress the evidence seized in the search, finding that the underlying warrant was defective due to an insufficient affidavit. The Commonwealth then dismissed the indictment.

Grimsley's probation officer then sought to have petitioner's probation revoked in both Page and Rockingham Counties, based on petitioner's possession of the marijuana and firearm.[2] While petitioner sought to have the proceeds of the illegal search excluded from the revocation proceedings, the Circuit Court Judge ruled that the exclusionary rule was inapplicable in the context of state revocation hearings.[3] The judge found that petitioner was in violation of probation, and revoked the previously suspended periods of incarceration as to the balance of the sentences imposed in both Page and Rockingham Counties. The record suggests, and the Commonwealth concedes, that the revocations were premised solely on the evidence seized as a result of the illegal search. At the time this petition was filed, Grimsley was incarcerated for service of the reimposed sentences. However, the court is advised that petitioner has now been paroled. He remains under supervisory control.

## II

■ In considering the evidence obtained pursuant to the illegal search warrant at the probation revocation hearings, the state judge recognized the relevance of the decision of the United States Court of Appeals for the Fourth Circuit in *United States v. Workman,* 585 F.2d 1205 (4th Cir., 1978). *Workman* was decided in the context of a federal revocation proceeding. Writing for the circuit panel, Judge Butzner concluded, *inter alia,* that evidence obtained by an unconstitutional search of the federal probationer's property was inadmissible in a revocation hearing, by virtue of application of the exclusionary rule. 585 F.2d at 1211.

The state judge in the instant case found that *Workman* was not intended to evince a constitutional principle and that the decision was designed to set forth rules governing procedure and admissibility of evidence only in the setting of a federal revocation proceeding. Noting a division of authority in other jurisdictions and the absence of a binding rule of exclusion in Virginia practice, the judge concluded that consideration of illegally obtained evidence need not be precluded unless there is indication of flagrant abuse. Finding no such abuse in Grimsley's case, the state judge admitted the evidence and determined that petitioner was in violation. The Commonwealth now advances similar arguments in support of its motion for dismissal of the instant petition. The Commonwealth contends that the controversy in this case is actually one concerning admissibility of evidence and that petitioner has already had a full and fair opportunity to contest the constitutional ramifications of the Virginia rule and procedure as applied to his factual circumstances. Consequently, the Commonwealth urges that disposition in this matter must be governed by the rationale of *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

This court must also conclude that interpretation of the decision in *United States v. Workman, supra* is crucial for proper resolution in this case. Initially, the court notes recognition of the fact that, as amply demonstrated by respondent's brief, most federal and state courts have rejected extension of the exclusionary rule to probation revocation proceedings. However, *Workman* clearly establishes that the Fourth Circuit does not intend for probation revocation hearings to be immune from application of the rule based on nothing more than the nature of the proceeding itself. Moreover, Judge Butzner's opinion in *Workman* clearly demonstrates that the rule was applied to the federal revocation setting not as an

**2.** The evidence at the revocation hearing revealed that the firearm was in plain view upon the officers' entry into the home. The evidence also revealed that the firearm was registered to petitioner's wife. There was conflict in the evidence as to whether petitioner had ever been in physical possession of the rifle.

**3.** The same Circuit Court Judge presided in both county revocation proceedings.

administrative or procedural control, or on the basis of a statutory interpretation of the role of a federal probation officer. Instead, the rule was invoked in recognition of the fact that the protections afforded by the Fourth Amendment have generally been applied by the United States Supreme Court to all proceedings which might result in the immediate imprisonment of the victim of an illegal search. *Workman, supra* at 1211. Obviously, there is no basis to the argument that *Workman* was intended to establish nothing more than a federal rule of evidence for probation revocation.

In short, the real difficulty for the Court in *Workman* was not whether a probationer is in a *position* to invoke the exclusionary rule but rather whether the nature of the probation situation itself requires an exception to the rule. As suggested above, Judge Butzner, after applying the balancing test of *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974) with decisions of the U.S. Supreme Court in other contexts as points of reference, concluded that the penal interests of the alleged probation violator required full application of the rule. After consideration of the *Workman* analysis, this court must conclude that while the state probation situation in general presents an even closer question under the *Calandra* balancing test, the facts of the instant case demand full application of the exclusionary rule.

In *Calandra*, the Supreme Court stated that in order to determine the necessity for an exception to the exclusionary rule, it is appropriate to weigh the potential injury to the proceeding against the benefits to be obtained from application. 414 U.S. at 349, 94 S.Ct. at 620. The Court also noted that the prime purpose of the exclusionary rule is to "deter future unlawful police conduct." *Id.* at 347, 94 S.Ct. at 619. The Supreme Court decided in *Calandra* that the potential for deterrence by application of the rule in the grand jury context is minimal; that the potential harm to the defendant in excepting grand jury proceedings is minimal, given the protections afforded at later stages in the criminal process; and that the potential harm to such proceedings would

be substantial if the rule was applied. Consequently, the Court held that grand jury proceedings must be excepted. Similarly, the presence of intermediate adjudicatory potential in state criminal prosecutions suggests the basis of the quasi-exception created by *Stone v. Powell, supra.* However, the instant factual situation weighs against application of such an exception.

Probation revocation hearings often result in the immediate incarceration of the defendant. Moreover, as noted in *Workman,* probation revocation is often considered as an alternative to new criminal proceedings. This is true in both the federal and state settings. The potential for alternative treatment in appropriate cases suggests a need for similarity in treatment under the exclusionary rule. It can scarcely be said that illegal searches are deterred, if law enforcement officials are able to seek incarceration of an individual through searches tolerated under one mechanism and not the other. Without questioning the good faith of the officers in the instant case, it cannot be said that illegal searches are deterred when police officers and probation officers are armed with the potential to accomplish in collusion what neither could legally accomplish acting alone. Not only is deterrent value lost in such a situation, the judicial system loses respect of the public when such inconsistencies are allowed to prevail.

On the other hand, state probation revocation procedure will suffer no great harm by virtue of extension of the exclusionary rule, if that extension is understood to be limited to the very unusual factual circumstances suggested by this case. This is a case where probation was revoked *solely* on the basis of evidence which the same judge had already found to be illegally seized. Had *any* alternate grounds been cited as basis for the revocation, this court would have neither the occasion nor the authority to disturb the result. Moreover, it might well have been appropriate for the state judge to have reconsidered his earlier suppression ruling in light of the probation

context.[4] Finally, it is probable and certainly possible that the original conditions of Grimsley's probation could have been structured in a manner so as to avoid such problems.

Simply stated in a more general sense, this opinion should not be read to suggest that the exclusionary rule poses anything more than a limited and narrow restriction on the otherwise broad and necessary discretion vested in trial judges in matters of probation revocation. However, the fact remains that the extreme circumstances of the instant case demand application of the exclusionary rule as a matter of constitutional priority, so as to deter future conduct violative of the Fourth Amendment and to promote the integrity and consistency of the criminal justice system.

■ The unusual factual circumstances of this matter also suggest the reason for the inapplicability of the rule of *Stone v. Powell, supra* as a ground for dismissal. The decision in *Stone* was designed so as to preclude federal court review of state court rulings involving admissibility of evidence under the Fourth Amendment. The decision prohibits second guessing and relitigation of issues which have previously been decided in the context of a full and fair state hearing. In this case, the initial full and fair state hearing contemplated by *Stone* resulted in a ruling favorable to petitioner on the question of legality of the search. The error was made in the determination as to the extent of the constitutional effect of the ruling. A redetermination of *that* question certainly involves no relitigation of the facts. It is well established that federal courts may consider Fourth Amendment claims in habeas corpus proceedings if the state court ignores the proper constitutional standard. *See*, e. g. *Gamble v. Oklahoma*, 583 F.2d 1161 (10th Cir., 1978).

### III

■ The court has concluded that consideration of the instant *habeas* petition is not barred by virtue of the decision in *Stone v. Powell, supra*. The court has also concluded that the decision in *United States v. Workman, supra* stands in recognition of a viable constitutional principle and not a judicially imposed rule of evidence. Given the ruling in *Workman*, the court has concluded that state revocation proceedings are not necessarily excepted from application of the exclusionary rule simply by virtue of the nature of the proceeding. After weighing the potential harm that would be caused by extension of the exclusionary rule to state probation revocation proceedings against the potential benefits of such extension, the court must conclude that application of the rule is mandated in the circumstance where revocation is sought *solely* on the basis of evidence which has already been adjudicated as inadmissible. Given the fact that the revocations of petitioner's periods of probation were occasioned by such a circumstance, the court has concluded that the writ of habeas corpus must be issued. In light of petitioner's present personal status, the court will give both sides the opportunity to provide input as to what particular relief is appropriate and just in this case. A conforming judgment and order will be entered this day.

### FINAL ORDER ON RELIEF

By Judgment and Order entered August 6, 1981, this court granted Johnnie Ray Grimsley's Petition for a Writ of Habeas Corpus. Given petitioner's personal circumstances, the court took the matter of the form of appropriate relief under advisement, pending receipt of relevant input from the parties. Such input having now been received and the question of relief having been thoroughly evaluated, it is now

### ORDERED

as follows:

---

4. For example, it could have been that the probation officer's entry and seizure of the firearm in plain view was not tainted simply by virtue of the illegality of the deputy's warrant, since the probation officer had the authority to enter the home at any time. Of course, it would have then been necessary for the judge to have resolved the factual issues regarding ownership and/or possession of the firearm. (See n.2, *supra*).

1. The Commonwealth will expunge petitioner's probation and parole records, his central prison classification file, and court records so that no reference is made to the improper probation revocations as described in this court's opinion of August 6, 1981;

2. Petitioner will be immediately moved from parole status in Rockingham County to probation status and will be deemed to have been on that status since he was first placed on probation;

3. The records of the Department of Corrections will indicate that petitioner was imprisoned incorrectly for the period he was incarcerated pursuant to the improper revocation, and provision will be made to give him credit for time served in prison and on parole should he be revoked, properly this time, in the future; and

4. The Commonwealth will assure that no use of the invalid revocation will be made in the future judicial, probation, or parole proceedings.