**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Linda Gail FINNEY, Defendant–Appellant.**

**No. 88–3005.**

United States Court of Appeals, Tenth Circuit.

March 6, 1990.

---

David E. O'Meilia, Asst. U.S. Atty. (Tony M. Graham, U.S. Atty., with him on the brief) Tulsa, Okl., for plaintiff-appellee.

Jeffrey D. Fischer of Hoffman, Fischer & Baines, P.A., Tulsa, Okl., for defendant-appellant.

Before MOORE and TACHA, Circuit Judges, and KANE, District Judge.*

JOHN P. MOORE, Circuit Judge.

This appeal presents the question of whether the exclusionary rule is applicable in federal probationary hearings. Joining seven other circuits, we hold that it is not. Upon this conclusion, we affirm the judgment of the district court revoking the probation of Linda Finney.

Ms. Finney was originally convicted of the possession of a sawed-off shotgun in violation of 26 U.S.C. § 5861(d). She was sentenced to a term of four years, 1281 days of which were to be served on probation. During her probationary period, Ms. Finney became the object of a search conducted by state police officers. The search ultimately led to her arrest on state charges relating to the possession of cocaine.

The United States Probation Office subsequently filed with the district court a petition seeking revocation of probation on the ground she had violated its terms by possessing cocaine. Hearings were held before a magistrate and the district judge at the conclusion of which the court entered an order revoking probation.

Ms. Finney now urges the district court erred in holding the exclusionary rule did not apply to probation revocation proceedings. She maintains state officers executing the state warrant leading to the discovery of cocaine in her possession violated both state and federal "no-knock" statutes [1] and, consequently, the court should have suppressed the results of the search.[2]

---

* Honorable John L. Kane, Jr., Senior District Judge for the District of Colorado, sitting by designation.

1. Okla.Stat.Ann. tit. 22, § 1228 and 18 U.S.C. § 3109.

2. In this court, Ms. Finney has raised the same argument, but given our disposition of the applicability of the exclusionary rule, we do not reach the issue.

The applicability of the exclusionary rule to probation or parole revocation has been considered by eight circuit courts. Seven of those courts have held the rule inapplicable.[3] Only one, the Fourth Circuit, has held to the contrary.[4] Having reviewed the holdings of these courts, we conclude the reasoning applied by the majority of circuits is persuasive, and we aline ourselves with them.

We agree with and underscore the conclusion of the Third Circuit that application of the exclusionary rule to revocation proceedings will not achieve the deterrent effect behind the rule. That observation is particularly true where, as here, the allegedly offensive seizure is conducted by state officers as a prelude to the filing of state charges. Because the deterrence to illegal police conduct, if any, can be accomplished within the framework of the state proceeding, application of the exclusionary rule to a parallel federal revocation proceeding would be redundant. Moreover, as noted by the Third Circuit, application of the exclusionary rule at this stage would not achieve a deterrence as much as it would inhibit the interests of the public in the pursuit of its protection against "convicted criminals who have abused the liberty afforded them."[5]

In seeming recognition of the infirmity of her position, Ms. Finney seizes upon dictum in *Bazzano* to argue an exception to the general rule. In discussion of its rationale, the *Bazzano* court left open the question whether it would apply the exclusionary rule if "police knew or had reason to know that the target of their search was a probationer."[6] Ms. Finney takes the postponement of that issue as a preordainment of an exception applicable in this case. She contends the police officers knew she was a federal probationer at the time of the search so that the exclusionary rule left open by *Bazzano* should be made applicable.

Whether such an exception should be created is a matter we need not determine. We are convinced by an examination of the record that the state officers who conducted the search were aware only that Ms. Finney had been previously convicted of the firearms offense. Her resultant status was not known to them, and defendant's attempt to impute that knowledge to them is pure hyperbole. Thus, were we to accept her invitation to create an exception under which the exclusionary rule would apply to probation revocation, we would still find no factual underpinning to support that exception in this case.

AFFIRMED.

---

3. *United States v. Bazzano,* 712 F.2d 826, 830–34 (3d Cir.1983), *cert. denied,* 465 U.S. 1078, 104 S.Ct. 1439, 79 L.Ed.2d 760 (1984); *United States v. Frederickson,* 581 F.2d 711, 713 (8th Cir.1978); *United States v. Winsett,* 518 F.2d 51, 53–55 (9th Cir.1975); *United States v. Farmer,* 512 F.2d 160, 162–63 (6th Cir.), *cert. denied,* 423 U.S. 987, 96 S.Ct. 397, 46 L.Ed.2d 305 (1975); *United States v. Brown,* 488 F.2d 94, 95 (5th Cir.1973); *United States v. Hill,* 447 F.2d 817, 819 (7th Cir.1971);

*United States ex rel. Sperling v. Fitzpatrick,* 426 F.2d 1161, 1163 (2d Cir.1970) (parole revocation).

4. *United States v. Workman,* 585 F.2d 1205, 1211 (4th Cir.1978).

5. *Bazzano,* 712 F.2d at 831.

6. *Bazzano,* 712 F.2d at 833, n. 1.