974 F.2d 1340
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frederick STEINMETZ, Defendant-Appellant.
 No. 91-2341.
 United States Court of Appeals, Seventh Circuit.
 Argued April 6, 1992.
Decided Aug. 25, 1992.
 
 1
 Before POSNER, and KANNE, Circuit Judges, and BURNS, Senior District Judge*
 
 ORDER
 
 2
 Having heard the oral arguments of counsel, considered the briefs filed by the parties, and studied the district court record, we find the district court did not err when it denied Steinmetz's motion to suppress and thereafter revoked Steinmetz's term of supervised release for possession of marijuana, drug paraphernalia, and open intoxicants in a motor vehicle.
 
 DISCUSSION
 
 3
 Steinmetz contends the court erred when it held the exclusionary rule was not applicable to these revocation proceedings. Steinmetz also asserts the district court erred when it concluded the search of Steinmetz's vehicle fell under the automobile exception to the search warrant requirement and the bag of marijuana found in his vehicle was in plain view when the officer discovered it.
 
 Exclusionary Rule
 
 4
 In support of his argument that the exclusionary rule was applicable to these revocation proceedings, Steinmetz cites to several cases in which the courts either held or intimated the exclusionary rule should be applied to revocation proceedings when the arresting officer is aware of the suspect's status as a parolee, probationer, or supervised releasee. See, e.g., United States v. Bazzano, 712 F.2d 826, 833 n. 1 (3d Cir.1983) (exclusionary rule does not generally apply to revocation proceedings, but an exception may exist if the officer is aware defendant is a probationer); United States v. Winsett, 518 F.2d 51, 53, 54 n. 5 (9th Cir.1975) (exclusionary rule does not generally apply to revocation proceedings, but an exception may exist if the officer is aware defendant is a probationer); United States v. Finney, 897 F.2d 1047, 1048 (10th Cir.1990) (court acknowledged a possible exception to the general rule that the exclusionary rule does not apply to revocation proceedings but refused to reach the issue since the facts did not support a finding that the officer knew the defendant's status).
 
 
 5
 In the case before us, the district court held the exclusionary rule does not apply to revocation proceedings. United States v. Hill, 447 F.2d 817, 819 (7th Cir.1971). The court observed that even if an exception to Hill were recognized in this circuit, it would not apply in this case since Steinmetz presented no evidence that the arresting officer "targeted" Steinmetz because of his status as a supervised releasee.[1] Although the officer indicated in his report that he knew Steinmetz had been arrested previously for possession of controlled substances, the officer only speculated that Steinmetz was on parole or some type of supervised release. See generally, Finney, 897 F.2d at 1048 (although officers were aware defendant was previously convicted of a firearms offense, they were not informed as to her current status).
 
 
 6
 We do not, however, have to determine whether the district court was correct regarding the applicability of the exclusionary rule since the court performed the pertinent exclusionary rule analysis.
 
 Warrantless Search
 
 7
 Steinmetz challenges the district court's conclusion that the officer's warrantless search of Steinmetz's vehicle fell within the automobile exception to the search warrant requirement. We review the district court's factual findings for clear error and the determination of probable cause de novo. United States v. Lima, 819 F.2d 687, 688 (7th Cir.1987).
 
 
 8
 When the officer stopped Steinmetz for speeding, Steinmetz got out of his car holding an open bottle of beer that was three-quarters full. Under Wisconsin law, it is illegal to drink or to possess an open intoxicant in a motor vehicle on a highway. Wis.Stat. § 346.935 (1989). The officer searched Steinmetz's vehicle to see whether any of the numerous beer containers he observed from outside the car were also open and to determine whether the passenger, who appeared intoxicated, also had "an open intoxicant." During the revocation proceedings, Steinmetz admitted to speeding and to possessing an open beer bottle in his car; he also acknowledged the numerous beer containers in the car. Mrs. Steinmetz, the passenger, admitted she had been drinking.
 
 
 9
 The district court found the officer's conduct was reasonable under the circumstances, the officer had probable cause to search the vehicle for contraband[2], and the search fell within the automobile exception to the search warrant requirement. We agree. See United States v. Gallman, 907 F.2d 639, 641 (7th Cir.1990), cert. denied, 111 S.Ct. 1110 (1991) (warrantless search of an automobile is permitted when probable cause exists to believe the car contains contraband or evidence of a crime). See also United States v. Reis, 906 F.2d 284, 291 (7th Cir.1990) (automobile may be searched without a warrant "so long as probable cause exists").
 
 
 10
 Steinmetz also asserts the district court erred when it concluded the bag of marijuana found in Steinmetz's vehicle was observable by the officer in plain view. "A warrantless seizure is justified under the plain view doctrine if the officer has a legal right to be in the place from where he sees the object subject to seizure and 'a lawful right of access to the object itself,' and if 'the object's incriminating nature is immediately apparent.' " United States v. Berkowitz, 927 F.2d 1376, 1388 (7th Cir.1991) (citing Horton v. California, --- U.S. ----, 110 S.Ct. 2301, 2308 (1990)). Here the officer lawfully entered the automobile under the automobile exception. While checking out the beer containers in the vehicle, the officer observed a plastic baggy protruding from under the driver's seat which, based on the officer's experience, appeared to contain marijuana. We find the district court did not err when it determined the plain view doctrine applied to the officer's discovery of marijuana in Steinmetz's vehicle.
 
 CONCLUSION
 
 11
 Based on the foregoing, we find the district court did not err when it denied Steinmetz's motion to suppress and thereafter revoked Steinmetz's term of supervised release. AFFIRMED.
 
 
 
 *
 Judge James M. Burns, Senior District Judge from the District of Oregon, is sitting by designation
 
 
 [1]
 The court noted "this was a chance meeting of the two based upon defendant's erratic driving, excessive speed," and possession of an open intoxicant in a motor vehicle. Although Steinmetz disputes the officer's statement that a high-speed chase preceded his arrest, Steinmetz acknowledges he was speeding and that he had been drinking
 
 
 [2]
 As the government points out, contraband is "any property which is unlawful to produce or to possess." Black's Law Dictionary 291 (5th ed. 1983)