**UNITED STATES of America**

v.

**William Joseph FRAZIER.**

**Crim. A. No. 1:88–cr–30–02–WCO.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 25, 1992.

Mary Jane Stewart, Office of U.S. Atty., N.D. Ga., Atlanta, Ga., for U.S.

Bruce Harvey, Atlanta, Ga., for William Joseph Frazier.

## MEMORANDUM OPINION

O'KELLEY, Chief Judge.

The above-named defendant, who was on supervised release for a 1988 conviction for distribution of cocaine, was arrested on September 9, 1992, on charges of possession of controlled substances with intent to distribute. The government petitioned for revocation of the defendant's supervised release in light of these charges. Hearings were held in the captioned case on Tuesday, November 10, 1992, and Thursday, November 19, 1992, to determine whether revocation of the defendant's supervised release is appropriate.

A. *Application of the Federal Rules of Evidence to Supervised Release Revocation Proceedings*

 At the November 10 hearing, the defendant raised the issue whether the Federal Rules of Evidence, and particularly the rules relating to hearsay, apply to proceedings involving revocation of supervised release.[1] The Federal Rules of Evidence

---

**1.** Regarding revocation of probation or supervised release, the Federal Rules of Criminal Procedure state:

expressly do not apply to "proceedings for ... sentencing, or granting or revoking probation." Fed.R.Evid. 1101(d)(3). The defendant notes that since Congress created supervised release in 1984, *see* 18 U.S.C. § 3583, Rule 1101(d)(3) has not been amended to include the term supervised release, whereas the Federal Rules of Criminal Procedure have been amended to include the term supervised release. The fact that Congress made this amendment in one statute and not in another, the defendant contends, indicates that Congress intended by its silence in Rule 1101(d)(3) for the Rules of Evidence to apply to proceedings involving revocation of supervised release.

The defendant distinguishes parole and probation, which are traditionally discretionary acts of grace, from supervised release, which he contends is a statutory right and is therefore substantively different from parole and probation. In the Sentencing Reform Act of 1984, Congress eliminated the old system of parole and replaced it with a new system of supervised release in which the sentencing court (as opposed to the Parole Commission) oversees the individual's post-confinement monitoring. 18 U.S.C. §§ 3583, 3601. Because the judicial branch oversees the individual, any violation of his supervised release is considered contempt of court. 18 U.S.C. § 3583(e)(3). Relying on the Supreme Court's characterization of supervised release as a "unique method" of post-confinement supervision, *Gozlon–Peretz v. United States*, 498 U.S. 395, ——, 111 S.Ct. 840, 843, 112 L.Ed.2d 919 (1991), the defendant asserts that supervised release stands in stark contrast to the parole and probation systems of the past, and cannot be grouped with parole and probation in Rule 1101(d)(3) absent express statutory language to that effect.

The government responds that Rule 1101 and Rule 32.1 are not part of the same statute, and therefore the fact that Rule 32.1 was amended to include the term "supervised release" while Rule 1101 was not so amended is not determinative of the issue. Moreover, in providing for the revocation of supervised release in 18 U.S.C. § 3583(e)(3), Congress provided that the determination whether revocation was warranted was to be determined pursuant to the Federal Rules of Criminal Procedure. As to the defendant's distinction between probation and parole being a matter of grace and supervised release being statutorily required, the government notes that courts have not addressed this distinction at all, let alone found it determinative.

The court is of the opinion that the defendant's proposed distinction between parole/probation and supervised release is essentially a distinction without a difference, and that the Rules of Evidence do not in fact apply to supervised release revocation proceedings. It seems clear from the Federal Rules of Criminal Procedure that probation and supervised release are to be treated similarly. *See* Fed.R.Crim.P. 32.1 ("Revocation or Modification of Probation or Supervised Release"). Further, many courts have seen no reason to treat supervised release any differently from probation or parole, and have applied precedent relating to probation to cases involving supervised release. *E.g., United States v. Montez*, 952 F.2d 854, 857 (5th Cir.1992); *United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir.1991); *United States v. Ramos–Santiago*, 925 F.2d 15, 17 n. 3 (1st Cir.1991). Finally, as the defendant has pointed out, Congress created supervised release to take the place of the old parole system. Given all of these circumstances, the court finds that supervised release is not so different from probation or parole as to warrant the defendant's proposed inter-

---

The revocation hearing ... shall be held within in a reasonable time in the district of jurisdiction. The person shall be given
(A) written notice of the alleged violation;
(B) disclosure of the evidence against the person;
(C) an opportunity to appear and to present evidence in the person's own behalf;

(D) the opportunity to question adverse witnesses; and
(E) notice of the person's right to be represented by counsel.
Fed.R.Crim.P. 32.1(a)(2).

pretation of Rule 1101(d)(3). Accordingly, the court is of the opinion that the Federal Rules of Evidence do not apply to supervised release revocation proceedings.

## B. *Search Warrant*

The government seeks to revoke the defendant's supervised release based upon the results of a search of his home in which controlled substances were found. The defendant contends that the search warrant relied upon for the search was invalid and that therefore the fruits of that illegal search should be suppressed. The government denies that the evidence was obtained unlawfully and further responds that the exclusionary rule does not apply in supervised release revocation proceedings. *E.g., United States v. Montez*, 952 F.2d 854 (5th Cir.1992); *United States v. Finney*, 897 F.2d 1047 (10th Cir.1990); *United States v. Bazzano*, 712 F.2d 826 (3d Cir.1983); *United States v. Brown*, 488 F.2d 94 (5th Cir. 1973). The purpose of the exclusionary rule, contends the government, is to protect the public at large, not the rights of the damaged individual; in determining whether the exclusionary rule should apply, the court is to balance the benefits against the potential damage. The Fifth Circuit in *Montez* held that the deterrent effect of applying the exclusionary rule in supervised release revocation was minimal when compared to the importance of using all available evidence in determining whether a supervisee is ready for rehabilitation by integration into society. *Montez*, 952 F.2d at 858–59.

Precedent indicates that the exclusionary rule would not apply in proceedings involving revocation of supervised release. *See United States v. Brown*, 488 F.2d 94 (5th Cir.1973) (exclusionary rule does not apply to probation revocation proceedings); *see also United States v. Montez*, 952 F.2d 854 (5th Cir.1992) (restating rule in context of supervised release revocation). However, in the interest of avoiding potential confusion in the underlying prosecution, where applicable rules and standards differ, the court declines to rule on the issue of the validity of the search in this proceeding.

## C. *Revocation of Supervised Release*

 As the court stated orally at the hearing on November 19, 1992, after hearing the evidence presented by both the government and the defendant at the hearings of November 10 and 19, the court finds that the defendant has violated the conditions of his supervised release by attempting to and perhaps even actually dealing in illegal drugs while on supervised release. Based upon the testimony presented, the court is of the opinion that confinement is necessary to protect the public from further criminal activity by the defendant, and that therefore revocation of his supervised release is warranted. 18 U.S.C. §§ 3583(e)(3), 3553(a)(2)(C). By separate order the court has already signed the judgment and commitment.

IT IS SO ORDERED.