BENTON, Judge,
dissenting.
Although another panel of this Court has decided that evidence unlawfully seized from a person by police is admissible as substantive evidence in a proceeding brought to revoke that person’s probation, that decision, in my judgment, is contrary to the letter and spirit of Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914), and Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Indeed, “the Supreme Court has never exempted from the operation of the exclusionary rule any adjudicative proceeding in which the government offers unconstitutionally seized evidence in direct support of a charge that may subject the victim of a search to imprisonment.” United States v. Workman, 585 F.2d 1205, 1211 (4th Cir.1978).
Moreover, I believe that due process is denied by using illegally obtained evidence as a basis to impose imprisonment.
A probation revocation hearing is adjudicative. Its first purpose is to determine whether the probationer is guilty of violating a provision of the probation order. Its second is to decide whether he should be continued on probation or be imprisoned. Although such a hearing is not a stage of a criminal prosecution, it is a criminal proceeding that may result in the loss of liberty. For this reason the due process *178 clause entitles a probationer to written notice of his alleged violation; a hearing at which the evidence against him must be disclosed; the right to present witnesses in his own behalf; and, save in exceptional circumstances, the right to confront and cross-examine adverse witnesses. If a serious question of culpability exists, the probationer is constitutionally entitled to the assistance of counsel. In 1970 Congress augmented the constitutional requirements by providing a statutory right to counsel at all federal revocation hearings. The similarity between many of the aspects of a criminal trial and a probation revocation proceeding is illustrated by the frequent use of the revocation proceeding as an alternative to trial on new charges against a probationer. It is also illustrated by the court’s authority to modify the probationer’s sentence.
Consideration of the nature of a probation revocation hearing leads to the conclusion that the application of the exclusionary rule will result in approximately the same potential for injury and benefit as its application in other criminal adjudicative proceedings. The rule’s exclusion of some of the evidence about the new charges which form the basis of the complaint about the probationer, the delay incident to suppression hearings, and the ride’s effectiveness in deterring future unconstitutional searches are neither significantly more nor less than in other such adjudicative proceedings. Therefore, the weight to be assigned the potential advantages and disadvantages of applying the rule to probation revocation proceedings cannot be ascertained by generalized references to the pros and cons of the rule— a subject that has been the topic of lively debate from the moment of the rule’s promulgation.
Workman, 585 F.2d at 1209-10 (citations and footnotes omitted).
By failing to apply the exclusionary rule, this Court adopts a policy that denigrates judicial and governmental integrity. A court proceeding which results in a denial of liberty from “evidence secured through ... a flagrant disregard of the procedure [devised to protect constitutional rights] ... cannot *179 be allowed to stand without making the courts themselves accomplices in willful disobedience of law.” McNabb v. United States, 318 U.S. 332, 345, 63 S.Ct. 608, 615, 87 L.Ed. 819 (1943). The Court overlooks the police officer’s violation of the constitution simply because the officer testified that Johnson was unknown to him when he stopped Johnson. “ ‘If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy.’” Elkins v. United States, 364 U.S. 206, 223, 80 S.Ct. 1437, 1447, 4 L.Ed.2d 1669 (1960) (citation omitted).
For these reasons, I would hold that the evidence that was unlawfully seized in violation of the Fourth Amendment should have been excluded at the revocation proceeding.